UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KASSANDRA G.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 3:19-CV-6165-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

      After considering and reviewing the record, the Court concludes that the Administrative

Law Judge ("ALJ") did not overcome Commissioner's burden to show that Plaintiff experienced

medical improvement sufficient for her to engage in substantial gainful activity as of May 1,

1  2016. Because Plaintiff amended her alleged disability onset date, an award of benefits as to the

2  period beginning April 13, 2017 is the appropriate remedy.

3  <u>FACTUAL AND PROCEDURAL HISTORY</u>

4        On March 7, 2015, Plaintiff filed an application for DIB, alleging a disability onset date

5  of November 25, 2014. AR Administrative Record ("AR") 15, 177-80. Her application was

6  denied upon initial administrative review and on reconsideration. AR 15, 102-04, 109-13, 2570-

7  72, 2575-79. A hearing was held before ALJ S. Andrew Grace on November 1, 2016. AR 39-78,

8  2184-2223. In a decision dated April 17, 2017, ALJ Grace found that Plaintiff was not disabled.

9  AR 12-31, 2224-43, 2366-85. On March 19, 2018, the Social Security Appeals Council denied

10  Plaintiff's request for review. AR 1-6, 2446-51.

11        On August 24, 2017, Plaintiff filed an application for supplemental security income

12  ("SSI"), this time alleging a disability onset date of November 1, 2015. AR 2674-83, 2684-88,

13  Plaintiff's claim was denied initially and upon reconsideration. AR 2485-88, 2492-94.

14  On November 28, 2018, Plaintiff amended her alleged disability onset date to April 13, 2017.

15  AR 2696, 2698.

16        Plaintiff filed a complaint in this Court seeking judicial review of ALJ Grace's written

17  decision on April 24, 2018. AR 2257-61, 2452-56. On December 19, 2018, this Court issued an

18  order reversing the ALJ's decision and remanding this case for reconsideration of Plaintiff's

19  symptom testimony. AR 2265-81, 2460-76. On February 27, 2019, the Appeals Council issued

20  an order vacating the ALJ's decision and remanding the case for further proceedings. AR 2282-

21  85, 2477-80.

22        On July 26, 2019, ALJ Lawrence Lee held a new hearing. AR 2131-83. On October 2,

23  2019, ALJ Lee issued a partially favorable decision finding that Plaintiff was disabled between

24

her alleged onset date of November 25, 2014, and April 30, 2016, but that Plaintiff improved

medically as of May 1, 2016, and was able to perform a reduced range of sedentary work. AR

2103-22.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) incorrectly finding

that Plaintiff's health materially improved after May 1, 2016; (2) applying the wrong standard

when evaluating the medical opinion evidence; (3) failing to properly evaluate lay witness

statements; and (4) incorrectly finding that there were a significant number of jobs Plaintiff could

perform at step five of the sequential evaluation. Dkt. 18, pp. 8-18. Plaintiff asks this Court to

remand this case for an award of benefits. *Id.* at 18.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly evaluated Plaintiff's medical improvement.**

Plaintiff maintains that the ALJ erred by finding that she was no longer disabled as of

May 1, 2016. Dkt. 18, pp. 8-10.

Once a claimant has been found disabled, a presumption of continuing disability arises in

the claimant's favor.  *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir.1983). Under the Social

Security Act, an individual's benefits may only be terminated upon a showing of substantial

evidence that: (A) there has been any medical improvement in the individual's impairment or

combination of impairments (other than medical improvement which is not related to the

1  individual's ability to work), and (B) the individual is now able to engage in substantial gainful

2  activity. 42 U.S.C. § 423(f)(1).

3        Social Security regulations define "medical improvement" as "any decrease in the

4  medical severity" in an individual's impairment(s) which was present at the time of the most

5  recent favorable medical decision that they were disabled or continued to be disabled. 20 C.F.R.

6  § 404.1594(b)(1). "Medical improvement" is analyzed by comparing the current severity of the

7  impairment with the severity of that impairment when claimant was last found to be disabled. 20

8  C.F.R. § 404.1594(b)(7).

9        The Commissioner has the burden of establishing that an individual's medical

10  improvement was related to their ability to work, and that this improvement was sufficient for

11  the previously disabled person to engage in substantial gainful activity. 20 C.F.R. §

12  404.1594(b)(3)-(5); *see Bellamy v. Secretary*, 755 F.2d 1380, 1381 (9th Cir. 1985) (in cases

13  involving a termination of benefits, the Commissioner must prove that a claimant previously

14  adjudged disabled has recovered sufficiently to return to work.); *see also Parra v. Astrue*, 481

15  F.3d 742, 748 (9th Cir. 2007) (noting that once an individual has met the burden of proving

16  disability, "the Commissioner must prove that a claimant previously adjudged disabled has

17  recovered sufficiently to return to work.").

18        Here, the ALJ found that on April 26, 2016, Plaintiff underwent a colostomy reversal and

19  hernia repair surgery that significantly reduced her abdominal pain and eliminated the need for

20  her to use a colostomy bag. AR 2114. The ALJ found that this medical improvement was related

21  to Plaintiff's ability to work because there had been an increase in Plaintiff's functional capacity.

22  *Id.*

23

24

1    The ALJ's finding that Plaintiff's colostomy reversal and hernia repair surgery

2 significantly reduced her abdominal pain is not supported by substantial evidence. First, the

3 evidence cited by the ALJ in support of this conclusion establishes, at most, that these operations

4 were successful, but also indicates that Plaintiff had post-surgical bleeding from her operations,

5 and does not establish that Plaintiff had a significant improvement in her abdominal pain. AR

6 2025, 2114, 3103.

7    Second, the record for the period after May 1, 2016 indicates that Plaintiff continued to

8 have abdominal pain after her surgeries, reporting epigastric pain radiating from her midline

9 abdomen to her lower abdomen. AR 3114, 3118. Plaintiff reported that her lower abdomen pain

10 increased in early 2019, when she was diagnosed with a dermoid cyst on her right ovary and a

11 fallopian tube blockage on the right side. AR 6285-86, 6294. Plaintiff's physician opined that her

12 cyst was likely a mature teratoma, a kind of tumor, and Plaintiff elected to proceed with surgical

13 intervention. AR 6294, 6312-17, 6347.

14    The record further indicates that Plaintiff continued to struggle with her obesity, a chronic

15 condition caused by a hormonal imbalance stemming from her polycystic ovarian syndrome,

16 after May 1, 2016, and was unable to have weight loss surgery due to the presence of scar tissue

17 left over from her previous surgeries. AR 3166, 3768, 4236, 4255-58, 6347.

18    Plaintiff's chronic fibromyalgia and degenerative disc disease symptoms, which include

19 pain all over her body, intensified after May 1, 2016, and while she sometimes reported that her

20 pain was well controlled with treatment, she usually stated that medication and physical therapy

21 were not effective at controlling her pain symptoms. AR 2052, 3103, 3810, 4052, 4163-64, 4174,

22 4184, 6294, 6347.

23

24

1    The ALJ assigned "significant weight" to the opinions of non-examining state agency

2    consultants Wayne Hurley, M.D. and Donna LaVaille, D.O., who opined in late 2017 and early

3    2018 that Plaintiff could perform light work with a range of postural and environmental

4    limitations. AR 2120, 2401-03, 2417-18.

5    However, Dr. Hurley and Dr. LaVaille did not have access to medical records generated

6    after early 2018, which indicate that medication was increasingly ineffective at controlling

7    Plaintiff's fibromyalgia and degenerative disc disease symptoms, that Plaintiff was unable to

8    have bariatric surgery to address her obesity, and that Plaintiff had increasing pain from an

9    ovarian tumor that required surgical intervention. AR 4052, 4174, 4236, 4255-58, 6285-86,

10   6294, 6312-17, 6347.

11   The ALJ found that Plaintiff's mental health worsened after May 1, 2016, with the

12   Plaintiff developing the severe mental impairments of depression and anxiety. AR 2111, 2114.

13   The ALJ's finding is broadly consistent with the findings of the psychologists who examined

14   Plaintiff after May 1, 2016, Brett Vallete, Ph.D., William Wilkinson, Ed.D. and Stephanie

15   Hanson, Ph.D., and the non-examining state agency consultants, all of whom diagnosed Plaintiff

16   with depression and anxiety, with Dr. Hanson opining that Plaintiff would have a range of

17   mental limitations potentially consistent with a finding of disability. AR 2399-2400, 2414-15,

18   3757-59, 4004-08, 5904-07.

19   The ALJ has not overcome the Commissioner's burden of establishing that Plaintiff's

20   medical improvement, such as it was, was sufficient for Plaintiff to return to work after May 1,

21   2016. While Plaintiff's April 2016 colostomy reversal and hernia repair surgery may have

22   improved her functional capacity to some extent, Plaintiff continued to have significant

23   abdominal pain, caused by an ovarian tumor that required surgical intervention, had chronic pain

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

from her fibromyalgia and degenerative disc disease which was not well managed with treatment, was unable to address her morbid obesity due to scar tissue from her prior operations, and developed significant mental impairments potentially consistent with a finding of disability.

Accordingly, the ALJ has not overcome the Commissioner's burden to establish medical improvement sufficient to perform substantial gainful activity.

**II.    Other Issues.**

Plaintiff maintains that the ALJ utilized the wrong standard in evaluating the medical opinion evidence, improperly assessed testimony from Plaintiff's mother, and erred in finding that there were a significant number of jobs Plaintiff could perform at step five of the sequential evaluation. Dkt. 18, pp. 10-18. Because this case be resolved without considering the ALJ's assessment of this evidence, the Court declines to address these issues.

**III.    Remedy.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

1    *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

2    2002). Here, the ALJ failed to establish that Plaintiff underwent medical improvement sufficient

3    to overcome the presumption of continuing disability after May 1, 2016. Because Plaintiff

4    amended her alleged disability onset date to April 13, 2017, remand for an award of benefits

5    from that date forward is the appropriate remedy. AR 2696, 2698.

6                      <u>CONCLUSION</u>

7    Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

8    Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

9    this matter is remanded for an award of benefits as to the period from April 13, 2017 forward.

10    Dated this 2nd day of September, 2020.

11

12                       David W. Christel

13                       United States Magistrate Judge